[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11162

_____

D. C. Docket No. 1:12-cv-00055-SCJ

HAPEVILLE DIALYSIS CENTER,  LLC,

Plaintiff-Appellant,

versus

CITY OF ATLANTA, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 13, 2013)

Before HULL and ANDERSON, Circuit Judges, and MOTZ,* District Judge.

PER CURIAM:

_____

*Honorable J. Frederick Motz, United States District Judge for the District of Maryland, sitting by
designation.

After oral argument and careful review of the briefs of the parties and the record, we conclude that the judgment of the district court dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) should be affirmed on the ground that plaintiff failed to plead factual allegations that permit us to conclude that plaintiff's claim is plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009).  It is true that the complaint's prayer for relief alleges that the City violated 42 U.S.C. § 1395y(b)(1)(C)(i) by "impermissibly taking into account that Patient was eligible for ESRD-based Medicare benefits"; and also alleges that the City violated 42 U.S.C. §1395y(b)(1)(C)(ii) by "impermissibly differentiating in benefits provided to individuals without ESRD and those with ESRD on the basis of ESRD or the need for dialysis treatment."  However, those allegations are mere legal conclusions.

Plaintiff provided dialysis treatments to a patient who was a participant in the City's group health plan ("the Plan").  The patient was Medicare eligible on the basis of having end-stage renal disease ("ESRD").  To support its two legal conclusions quoted above, plaintiff relies on only two relevant factual allegations in the complaint, at paragraphs 42 and 47.  These two paragraphs quote two provisions from the "summary plan description" of the City's Plan.  We can assume arguendo that these two Plan provisions, if considered by themselves and in isolation from the other facts properly considered in this appeal, might raise a reasonable inference

2

that the City's Plan paid only part of plaintiff's bill because the Plan considered itself a payor secondary to Medicare. On the basis of this inference, the plaintiff argues that the Plan "[took] into account that an individual is entitled to or eligible for [Medicare] benefits" during the statutorily relevant 30-month period. 42 U.S.C. § 1395y(b)(1)(C)(i). Thus, plaintiff argues that the Plan and the City violated the statute. However, that weak inference from those two general Plan provisions is insufficient to state a plausible claim when considered in conjunction with the other allegations in the complaint and the other provisions of the summary plan description which was attached to the complaint. We turn to a consideration of those other allegations and those other provisions of the summary plan description.

First, in paragraph 30, the complaint alleges that the stated reason for the Plan's payment of only part of plaintiff's bill was that the Plan "does not provide coverage for charges over the Default Reimbursement Rate (known as Usual, Customary, and Reasonable)." It is undisputed that this was the Plan's stated reason, and no other reason was stated. Second, aside from the two general Plan provisions relied upon by plaintiff, there are no factual allegations that the actual payments by the Plan to plaintiff: (a) were based on an attempt to treat the Plan as a payor secondary to Medicare; (b) were reduced or terminated on account of Patient's Medicare eligibility; or (c) were not in accordance with the terms of the Plan. There are also no factual allegations that a non-ESRD patient or a non-

3

Medicare eligible patient was or would have been paid for any differently. Third, paragraph 33 of the complaint alleges, and it is undisputed that, plaintiff is an out-of-network provider with respect to the Plan. Fourth, paragraph 32 of the complaint quotes from the summary plan description (page 6): "For Out-of-Network services, Eligible Charges are determined by (a) the Claims Administrator's Usual, Customary and Reasonable ("UCR") Fees …." This language is repeated at page 46 of the summary plan description, which adds that "Reimbursement for Non-Contract Providers is determined by our Default Reimbursement Rate."

The fifth disputed fact persuading us that plaintiff's claim is not plausible is somewhat more complicated. This fifth fact builds upon the premise that plaintiff is an out-of-network provider, which plaintiff concedes in paragraph 33 of the complaint. This fifth fact is that, notwithstanding plaintiff's allegations to the contrary, the provisions of the summary plan description clearly provide that plaintiff, as an out-of-network provider, is properly paid at the Plan's Default Reimbursement Rate or its Usual, Customary and Reasonable Fees. The Plan provisions to this effect are clear and unambiguous. Thus, it is clear that the Plan's payments to plaintiff – explained as payments pursuant to the Plan's "Default Reimbursement Rate (known as Usual, Customary, and Reasonable)," as admitted in paragraph 30 of the complaint – were paid precisely pursuant to the terms of the Plan. Therefore, it is also clear that any other out-of-network provider would also

4

have been paid at the Usual, Customary, and Reasonable Fee or the Default Reimbursement Rate, whether the services were rendered to a Medicare eligible patient or a non-Medicare eligible patient.

Plaintiff apparently realized that this fifth fact would undermine the plausibility of its claim, and thus plaintiff attempted in paragraphs 32 through 41 of the complaint to allege that neither the Plan's Default Reimbursement Rate nor its Usual, Customary, and Reasonable Fees could be applied with respect to the claim submitted by plaintiff. However, our careful study of the summary plan description persuades us that the Plan clearly and unambiguously provides that plaintiff, as an out-of-network provider, is properly paid pursuant to the Plan's Usual, Customary, and Reasonable Fees or its Default Reimbursement Rate. The Plan's definition of "Eligible Charges" (at page 46) expressly provides:

> For Out-of-Network services, Eligible Charges are determined by: (a) [the Plan's] Usual, Customary and Reasonable (UCR) Fees ….
>
> Reimbursement for Non-Contracted Providers is determined by our Default Reimbursement Rate.

Although it may be true, as the complaint alleges, that plaintiff is neither a hospital nor a physician, the Plan's definition of an out-of-network provider is not thus limited. The provisions of the summary plan description make it unambiguously clear that plaintiff is an out-of-network provider whom the Plan provisions provide will be paid the Plan's Usual, Customary, and

Reasonable Fees or reimbursed at the Plan's Default Reimbursement Rate.

At page 51 of the summary plan description, the term "Out-of-Network

Provider" is defined as follows:

> A Hospital, Physician, Skilled Nursing Facility, Hospice, Home Health Care Agency, <u>other medical practitioner or provider of medical services</u> and supplies, that does not have a Network Provider contract with the Claims Administrator.  This provider may also be referred to as a Non-Network Provider.

(Emphasis added.)

Finally, the issue before us is whether the above-mentioned weak

inference based on the two summary plan provisions relied upon by plaintiff

can rise to the plausible level when considered in light of the foregoing very

forceful, undisputed facts.  One final fact breaks the back of plaintiff's claim.

Notwithstanding the two general provisions upon which plaintiff relies, the

first page of the summary plan description provides in bold print a NOTICE

which states in part:

> [I]f the Plan is required to operate in a different manner to comply with federal laws and regulations, … the appropriate federal laws and regulations will govern.

Because the statute and regulations clearly prohibit the Plan from treating

itself as a payor secondary to Medicare under these facts, it is clear that the

two summary plan provisions on which plaintiff relies are simply inoperable

in this situation.  Thus, even the weak inference from those two general plan

6

provisions disappears.  We readily conclude that plaintiff has failed to make

factual allegations that rise to the level of a plausible claim.[1]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.[2]

---

[1] In light of our resolution on this ground, we need not reach the additional question of whether the plaintiff, in order to state a claim under 42 U.S.C. § 1395y(b)(3)(A), was required to allege that Medicare had paid claims properly payable by the City.  See Bio-Med. Applications of Tenn., Inc. v. Cent. States Se. & Sw. Areas Health & Welfare Fund, 656 F.3d 277, 284-87 (6th Cir. 2011).

[2] We note that the district court declined to exercise supplemental jurisdiction over the state law claim in the complaint, which the district court dismissed without prejudice.  That was not appealed.